# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                      **Criminal Action No. 3:06-CR-69-1**
                                                          **(BAILEY)**

**SHAKEEM HERATIO CRAWFORD**,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER SENTENCE

Pending before this Court is defendant Shakeem Crawford's *pro se* Motion to Reconsider Sentence (Doc. 272), in which he seeks a resentencing in light of ***Carachuri-Rosendo v. Holder***, 130 S.Ct. 2577 (2010) and ***United States v. Simmons***, 649 F.3d 237 (4th Cir. 2011) (en banc).

This defendant was convicted of various controlled substance violations on September 18, 2007 (Doc. 155). On December 11, 2007, Mr. Crawford was sentenced to 360 months incarceration (Doc. 196). The defendant appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which, on September 5, 2008, affirmed his conviction (Doc. 212); ***United States v. Crawford***, 317 Fed.Appx. 303 (4th Cir. 2008)(unpublished). In affirming his conviction, the Fourth Circuit found that the defendant's 1998 New York conviction for the attempted sale of heroin was a felony controlled substance offense.

On August 26, 2009, the defendant filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 232), in which he again raised the issue of the use of his New York conviction to

support a career offender finding. The Magistrate Judge issued his Report and Recommendations (R&R) on January 27, 2011 (Doc. 253), which this Court adopted on February 22, 2011 (Doc. 255).

The present Motion was filed on March 26, 2012, citing 18 U.S.C. § 3582. This section provides that a sentence may be modified in only three ways: (1) upon motion of the Director of the Bureau of Prisons; (2) under Rule 35; and (3) in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. The defendant's motion fits none of those categories.

In essence, the defendant is seeking to make a collateral attack on his sentence under **Carachuri-Rosendo** and **Simmons**. Since the defendant prepared his Motion, however, the Fourth Circuit has ruled in **United States v. Powell**, ___ F.3d ___, 2012 WL 3553630 (4th Cir. August 20, 2012), that **Carachuri** and **Simmons** are not retroactively applicable to cases on collateral review. While the decision in **Powell** was a 2-1 case, inasmuch as the career offender finding did not enlarge the maximum sentence to which the defendant could be subjected, all three Judges would agree that Mr. Crawford is not entitled to relief.

Accordingly, the relief sought by the defendant is not available to him in light of **Powell**.

For the above reasons, defendant Shakeem Crawford's *pro se* Motion to Reconsider Sentence (Doc. 272) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this **ORDER** to the *pro se* petitioner

and all counsel of record.

**DATED:** August 30, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE